# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**DEMETRIE WRIGHT**                                                                 **PLAINTIFF**

v.                              No: 3:22-cv-00199 LPR-PSH

**GREENE COUNTY JAIL,** *et al.*                                           **DEFENDANTS**

## ORDER

Plaintiff Demetrie Wright filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on August 1, 2022, while incarcerated at the Greene County Detention Facility (Doc. No. 1). He subsequently filed an additional complaint (Doc. No. 8). The Court granted Wright's application to proceed *in forma pauperis* (Doc. No. 9).

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. The Court has reviewed Wright's most recent complaint (Doc. No. 8), but needs clarification regarding his claims.

First, it is not clear that Wright's various complaints are factually related. Under Fed. R. Civ. P. 18, a plaintiff may bring multiple claims, related or not, against a single defendant. To proceed against multiple defendants, plaintiff must satisfy

Fed. R. Civ. P. 20, which allows claims against multiple defendants when the claims against them arise out of the same series of occurrences, and present questions of fact common to all defendants. *See Mosley v. Gen. Motors Corp.,* 497 F.2d 1330, 1333 (8th Cir. 1974) (Rule 20 permits "all reasonably related claims for relief by or against different parties to be tried in a single proceeding.").

Second, the Court needs more information regarding Wright's claims. To the extent he intends to bring a First Amendment retaliation claim, he must allege: (1) that he engaged in a protected activity; (2) that a government official took adverse action against him that would chill a person of ordinary firmness from continuing the activity; and (3) that the adverse action was motivated at least in part by the exercise of the protected activity. *Gonzalez v. Bendt*, 971 F.3d 742, 745 (8th Cir. 2020); *Spencer v. Jackson Cnty.*, 738 F.3d 907, 911 (8th Cir. 2013). Speculative and conclusory or *de minimis* allegations cannot support a retaliation claim. *See Atkinson v. Bohn*, 91 F.3d 1127, 1129 (8th Cir. 1996) (per curiam). Wright must clarify his protected activity with respect to each retaliation claim, the adverse action(s) taken by defendants, and why those defendants would be motivated to retaliate against him.

Additionally, to the extent Wright raises a due process claim, he must specifically describe how his due process rights were violated by each defendant. It is not clear if he is challenging a disciplinary or some sort of punishment he received.

Wright must file an amended complaint within 30 days with a short and concise statement explaining how his claims are related or narrowing them if needed; providing more specifics regarding his retaliation and due process claims; describing each defendant's involvement in the violation of his rights; and describing how he was injured as a result. The Clerk of Court is directed to send a blank § 1983 complaint form to Wright. Wright is cautioned that an amended complaint renders his original complaint without legal effect; only claims properly set out in the amended complaint will be allowed to proceed. In the event he fails to file an amended complaint conforming to this order within 30 days, the Court may recommend dismissal of this case.

IT IS SO ORDERED this 1st day of November, 2022.

_____
UNITED STATES MAGISTRATE JUDGE