IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**DEMETRIE WRIGHT**                                                                                  **PLAINTIFF**

v.                                      No: 3:22-cv-00199 LPR-PSH

**GREENE COUNTY JAIL,**[1] *et al.*                                        **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Demetrie Wright filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on August 1, 2022, while incarcerated at the Greene County Detention Facility

---

[1] The Clerk of Court is directed to terminate the Greene County Jail as a defendant on the docket sheet for this case because it is not listed as a defendant in Wright's Amended Complaint (Doc. No. 13).

(Doc. No. 1). He subsequently filed an additional complaint (Doc. No. 8). The Court granted Wright's application to proceed *in forma pauperis* (Doc. No. 9). After reviewing both complaints, the Court directed Wright to file an amended complaint within 30 days with a short and concise statement explaining how his claims are related or narrowing them if needed; providing more specifics regarding his retaliation and due process claims; describing each defendant's involvement in the violation of his rights; and describing how he was injured as a result (Doc. No. 12). Wright filed his amended complaint pursuant to the Court's order on December 2, 2022 (Doc. No. 13). The Court has liberally construed[2] Wright's amended complaint for screening purposes and finds that his claims should be dismissed for failure to state a claim upon which relief may be granted.

## I. Screening Standard

Federal law requires courts to screen prisoner complaints. 28 U.S.C. § 1915A, 1915(e)(2). Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915A, 1915(e)(2). Although a complaint requires only a short and plain statement of the

---

[2] *See Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004) ("When we say that a pro se complaint should be given liberal construction, we mean that if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework.").

claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ."). While construed liberally, a *pro se* complaint must contain enough facts to state a claim for relief that is plausible on its face, not merely conceivable.

## II. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983. Wright is incarcerated at the Greene County Detention Facility as a result of probation violations. Doc. No. 13 at 3. His amended complaint names Sgt. James Floyd, Jail Administrator Dave Barnum, and Lt. Felisha Rowland as defendants.[3] It also names Donald Rhea, another inmate, as a plaintiff.[4] The

---

[3] While he does not identify a Cpl. Cameron as a defendant, the body of the amended complaint contains allegations against him. Doc. No. 13 at 5. For purposes of this Recommendation, the Court will presume that Cameron was properly identified as a defendant.

[4] While the amended complaint names Rhea as a plaintiff, Rhea did not sign the document as a party, and there are no claims made as to Rhea. Wright may not sue on

majority of Wright's claims allege due process violations. The Court will address the non-due process claims first, then will address the due process claims together.[5]

### Verbal Threat/Insult Claim

Wright alleges that defendant Floyd was unprofessional, calling him a "door warrior" and "side show bob," and threatened him with punitive segregation. Doc. No. 13 at 4. Verbal threats and insults generally do not rise to the level of a constitutional violation. *See Hopson v. Fredericksen,* 961 F.2d 1374, 1378 (8th Cir. 1992) (finding officer's use of racial slur and threat to knock prisoner's teeth out was not actionable).[6] The only exception to this rule is when a verbal threat rises to the

---

behalf of other inmates. *Martin v. Sargent*, 780 F.3d 1334, 1337 (8th Cir. 1985) ("A prisoner cannot bring claims on behalf of other prisoners."). A separate was opened on behalf of Rhea, Case No. 3:22-cv-00255-KGB.

[5] The Court questions whether Wright's claims are appropriately joined. Under Fed. R. Civ. P. 18, a plaintiff may bring multiple claims, related or not, against a single defendant. To proceed against multiple defendants, plaintiff must satisfy Fed. R. Civ. P. 20, which allows claims against multiple defendants when the claims against them arise out of the same series of occurrences, and present questions of fact common to all defendants. *See Mosley v. Gen. Motors Corp.,* 497 F.2d 1330, 1333 (8th Cir. 1974) (Rule 20 permits "all reasonably related claims for relief by or against different parties to be tried in a single proceeding."). Wright's sparse allegations make it impossible to determine which, if any, of his various claims arise out of the same series of occurrences and present common questions of fact, and he does not specifically claim they are related. For purposes of this Recommendation, the Court will address Wright's claims as if properly joined.

[6] *See also McDowell v. Jones,* 990 F.2d 433, 434 (8th Cir. 1993) (inmate's allegations of verbal harassment were not actionable under § 1983); *O'Donnell v. Thomas,* 826 F.2d 788, 790 (8th Cir. 1987) (verbal threats and abuse by jail officials insufficient to state a constitutional violation); *Black Spotted Horse v. Else,* 767 F.2d 516, 517 (8th Cir. 1985) (allegation of racially offensive language directed at a prisoner does not, by itself, state a constitutional claim).

level of a "wanton act of cruelty" such that the inmate is in fear of "instant and unexpected death at the whim of his allegedly bigoted custodians." *Burton v. Livingston,* 791 F.2d 97, 99–100 (8th Cir.1986). While the claimed name-calling and threat may be unprofessional, the alleged actions of Floyd in this case do not rise to the level of a constitutional violation.

## Eighth Amendment Medical Claim

Wright complains that Floyd "maced another inmate above my cell in punitive segregation." Doc. No. 13 at 5. He claims he has asthma and that Floyd refused to obtain medical help for him, although he was requesting such help for 2½ hours. Wright fails to identify when this incident occurred. He does not describe any symptoms he suffered which would warrant any specific or emergent treatment, nor does he allege any injury. He does state that another officer "fixed the situation" at shift change 2½ hours later, but does not describe how the situation was "fixed." *Id.*

To succeed with an inadequate medical care claim, a plaintiff must allege and prove that: (1) he had objectively serious medical needs; and (2) prison officials subjectively knew of, but deliberately disregarded, those serious medical needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). Additionally, the Eighth Circuit has held that a "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to

the level of a constitutional violation." *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). Wright's allegations, even if true, fail to establish a serious medical need that Floyd knew of but deliberately disregarded, and therefore fail to state a viable Eighth Amendment claim.

## Due Process Claims

Wright attempts to assert several due process claims against the defendants. First, he claims that in "another incident he was unprofessional," Floyd "served me my due process" after Wright made a comment about another officer while Wright was on suicide/homicide watch. Doc. No. 13 at 4-5. He does not identify the date of this incident and it is unclear if he received a disciplinary, or what, if any, punishment he received.

Wright asserts that Barnum failed to give him proper due process, *i.e.*, a hearing, related to a disciplinary so that he could plead and present his case. *Id.* at 6. He does not identify the date of the alleged violation, the nature of the disciplinary, or the punishment, if any, received.

As to defendant Rowland, Wright appears to assert three separate claims. First, he complains that Rowland "took my hour out" for frivolous reasons while he was in punitive segregation. *Id.* at 5. The Court interprets this allegation to mean that Rowland did not allow him his daily one hour out of segregation on this occasion. *Id.* Wright does not state the date of this incident. He does not state if he

received a disciplinary. Second, Wright claims that Rowland "also violated my due process" by charging him with a disciplinary related to the theft of phone time. *Id.* He claims he was denied a disciplinary hearing. Again, he provides no date and no information regarding what punishment, if any, he received. Third, he alleges "I also got given extra days in punitive segregation for exercising my 1st Amendment right. I told [Rowland] if she hates her job quit, instead of acting like the spawn of Satan." *Id.* And again, Wright provides no date and no specific detail regarding how many extra days he was given as punishment related to the disciplinary.

Finally, in the body of the amended complaint, Wright asserts allegations against Cpl. Cameron, who is not named as a defendant. *Id.* at 5-6. He complains that Cameron denied him due process related to a disciplinary hearing by not giving him an opportunity to defend himself, resulting in 30 days in punitive segregation. He does not state the date of this alleged violation or the charge in it.

To prevail on a Fourteenth Amendment Due Process claim, a prisoner "must first demonstrate that he was deprived of life, liberty, or property by government action." *See Phillips v. Norris,* 320 F.3d 844, 846 (8th Cir. 2003); *see also* U.S. Const. amend. XIV, § 1. Wright does not allege he was deprived of life or property; accordingly, he must identify the deprivation of a liberty interest to sustain a due process challenge. *Id.* at 847; *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

A prisoner has no liberty interest in having certain procedures followed in the disciplinary process; rather, the liberty interest arises from the "nature of the prisoner's confinement." *Phillips*, 320 F.3d at 847. An inmate making a due process challenge to confinement in segregation is required to "make a threshold showing that the deprivation of which he complains imposed an 'atypical and significant hardship.'" *Portly-El v. Brill*, 288 F.3d 1063, 1065 (8th Cir. 2002) (*quoting Sims v. Artuz*, 230 F.3d 14, 22 (2d Cir. 2000)). The Eighth Circuit Court of Appeals has "consistently held that administrative and disciplinary segregation are not atypical and significant hardships under *Sandin*." *Portly-El*, 288 F.3d at 1065. "In order to determine whether an inmate possesses a liberty interest, we compare the conditions to which the inmate was exposed in segregation with those he or she could 'expect to experience as an ordinary incident of prison life.'" *Phillips*, 320 F.3d at 847 (quoting *Beverati v. Smith*, 120 F.3d 500, 503 (4th Cir. 1997)).

Wright's complaints about being denied certain procedures related to disciplinaries do not state a claim. Rather, the Court must consider whether he was deprived of a liberty interest based on the nature of his confinement, *e.g.*, if he was exposed to atypical and significant hardships. Two of Wright's claims do not even assert that he received a disciplinary resulting in any deprivation of a liberty interest. In one of those, he complains he lost one hour out of segregation. Wright fails to allege that this one-hour loss constituted an atypical and significant hardship.

Wright's remaining due process claims relate to one or more disciplinaries. He does not identify any punishment related to two of those disciplinaries, and does not allege how any punishment he received imposed atypical and significant hardships on him. Wright alleges he was sentenced to punitive segregation in two of his due process claims. In one, he simply states that he received extra days in punitive segregation. In the other, he states that he received thirty days of punitive segregation. And again, Wright failed to allege in either instance how his confinement in punitive segregation imposed an atypical and significant hardship. Because he describes no change in conditions that could constitute the deprivation of a liberty interest, Wright fails to state sufficient facts to support a due process claim.

For the reasons stated herein, it is recommended that:

1. Wright's claims be dismissed without prejudice for failure to state a claim upon which relief may be granted; and

2. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation would not be taken in good faith.

It is so recommended this 25th day of January, 2023.

_____
UNITED STATES MAGISTRATE JUDGE